IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JABER WILSON, #R34144, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-02196-SMY |
| | ) |
| LATOYA HUGHES, | ) |
| ANTHONY D. WILLS, | ) |
| LT. LENEAR, | ) |
| M. ROSE, | ) |
| JOSHUA SCHOENBECK, | ) |
| and ANTHONY B. JONES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jaber Wilson, an inmate in the custody of the Illinois Department of Corrections (IDOC), filed this lawsuit pursuant to 42 U.S.C. § 1983 to challenge disciplinary tickets he received at Menard Correctional Center (Menard) for his involvement in a staff assault at Lawrence Correctional Center (Lawrence). The Complaint (Doc. 1) is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-51): Plaintiff received two unsigned disciplinary tickets on January 3, 2023, issued by Lieutenant Lenear on December 31, 2022, and Officer Rose on January 2, 2023. The tickets stemmed from a staff assault that occurred at Lawrence Correctional Center on December 28, 2022. Another inmate instigated the attack on staff and unlocked Plaintiff's cell door using keys he obtained from an officer.

1

Plaintiff noticed his door open unexpectedly and exited the cell to find out why there was a commotion nearby. Officers sprayed him with pepper spray, and he defended himself.

The same day, Plaintiff was transferred from administrative detention at Lawrence to restrictive housing at Menard. He was then issued two disciplinary tickets citing violations of the following IDOC rules: (1) Rule 100 – violent assault of any person – staff; (2) Rule 102a – assault with injury; (3) Rule 102b – assault; (4) Rule 104 – dangerous contraband; (5) Rule 105 – dangerous disturbances; (6) Rule 106 (Attempt) – escape; (7) Rule 202 – damage or misuse of property; (8) Rule 206 – intimidation or threats; and (9) Rule 215 – disobeying a direct order essential to safety. *Id*. at 40.

Plaintiff pleaded not guilty at a disciplinary hearing before Menard's Adjustment Committee on January 11, 2023. He attempted to present a written statement with a list of facts, evidence, and witnesses that supported his case. He argued that the rule violations were fabricated and that video footage of the incident confirmed this. He also requested the presence of a mental health staff member, consideration of a related investigatory report, and review of the video of the incident at the hearing. However, Plaintiff was not allowed to call witnesses or present exculpatory evidence.

Plaintiff was found guilty of all rule violations and punished with 6 months in segregation, 6 months of contact visit restrictions, and 3 months of C-grade. *Id*. at 40-41. He is now classified as a weapons violator with an extremely high escape risk (Level E) and is subjected to weekly cell shakedowns, bimonthly cell relocation, and biennial prison transfers. *Id*. at 12. Plaintiff suffered additional punishment because he was denied access to showers, yard, audio-visual equipment, personal property, tools, clothing, food, and a job, resulting in additional emotional distress. *Id*. CAO Wills concurred with the findings of the Adjustment Committee on February 10, 2023, and

IDOC Director Latoya Hughes denied Plaintiff's related grievance(s). *Id*.

## Discussion

Based on the allegations, the Court designates the following claims in the Complaint:

Count 1: Fourteenth Amendment claim against Defendants for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with 6 months in segregation, 6 months of contact visit restrictions, and 3 months of C-grade for two false disciplinary tickets issued by Lieutenant Lenear on or around December 31, 2022 and Officer Rose on or around January 2, 2023.

Count 2: Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement by denying him access to the showers, yard, audio-visual equipment, personal property, tools, clothing, food, and a job for unspecified periods of time at Menard.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Count 1**

The Fourteenth Amendment guards against deprivations of "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To state a due process claim in the prison disciplinary context, Plaintiff must plead facts demonstrating (1) the existence of a constitutionally protected liberty interest that triggers the right to due process of law; and (2) deficient procedures in the disciplinary proceedings. *Lisle v. Welborn*, 933 F.3d 705, 720 (2019).

When determining whether a protected liberty interest was at stake, the court looks to the duration of confinement in segregation and the conditions endured there. *Ealy v. v. Watson*, 109 F.4 958, 964 (7th Cir. 2024). For shorter periods of confinement in segregation, no inquiry into the specific conditions is typically necessary. *See Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997) (70 days); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (240 days).

3

For longer periods, the court considers whether Plaintiff faced an "atypical and significant hardship" in segregation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Plaintiff was punished with 6 months in segregation, which is generally not considered long enough to trigger due process protections when standing alone. *Marion*, 559 F.3d at 698. His additional restriction on contact visits and demotion to C-grade add nothing to this claim. *See Wood v. Zatecky*, 594 F. App'x 311 (7th Cir. 2015); *Lekas v. Briley*, 405 F.3d 602 (7th Cir. 2005) (no liberty interest implicated by denial of contact visits and demotion to C-grade). However, Plaintiff indicates that he suffered additional punishment, in the form of denied access to showers, yard, audio-visual equipment, personal property, tools, clothing, food, and a job, and he continues to face punishment in the form of weekly cell searches, bimonthly cell relocations, and biennial prison transfers; all of which has exacerbated his serious mental illness. Construing these allegations liberally in favor of the *pro se* plaintiff, the Court finds that the Complaint describes a protected liberty interest. *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (Fewer than six months in disciplinary segregation can establish a liberty interest "depending on the conditions of confinement.").

The Court must also consider whether the Complaint describes a violation of due process protections. An inmate facing disciplinary segregation that does not extend the length of their confinement is entitled to "informal, nonadversarial due process." *Ealy*, 109 F.4th 964 (quoting *Adams v. Reagle*, 91 F.4th 880 (7th Cir. 2024)). Informal due process requires: (1) notice of the reasons for the inmate's placement in segregation; and (2) an opportunity for the inmate to present his views in a written statement or at a hearing. *Ealy*, 109 F.4th at 966 (citing *Adams*, 91 F.4th at 885). This standard is typically satisfied when an inmate is allowed to present a written statement,

and the decisionmaker reviews the charges and available evidence against the prisoner. *Id*. (citation omitted).

Plaintiff describes an inability to present his written statement, witnesses, and exculpatory evidence during his prison disciplinary hearing. Thus, Count 1 will proceed against Adjustment Committee Chairpersons Joshua Schoenbeck and Anthony Jones. This claim will be dismissed without prejudice against all other defendants because Plaintiff does not allege that any others were involved in the adjustment committee hearing.

**Count 2**

Conditions that deny an inmate "the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Adequate food, clothing, shelter, and medical care are considered basic necessities. *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016). A claim for unconstitutional conditions of confinement arises when a defendant responds with deliberate indifference to a substantial risk of harm posed by the conditions to a plaintiff's health or safety. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). This requires allegations that each defendant was involved in the deprivation. Plaintiff identifies no defendants who were actually aware of his lack of access to showers, food, clothing, exercise, and other basic necessities. Therefore, Count 2 will be dismissed without prejudice for failure to state a claim.

**Disposition**

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, and **COUNT 1** will proceed against **JOSHUA SCHOENBECK** and **ANTHONY JONES**.

**ALL OTHER CLAIMS** (Count 2) and **DEFENDANTS** (Latoya Hughes, Anthony Wills, M. Rose, and Lt. Lenear) are **DISMISSED** without prejudice because the Complaint fails to state

5

a claim upon which relief may be granted.

The Clerk shall prepare for Defendants **JOSHUA SCHOENBECK** and **ANTHONY JONES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and SDIL-LR 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to TERMINATE Defendants LATOYA HUGHES, ANTHONY WILLS, M. ROSE, and LT. LENEAR as parties in CM/ECF.**

**IT IS SO ORDERED.**

**DATED:    January 23, 2025**               *s/ Staci M. Yandle*
                                             **STACI M. YANDLE**
                                             **United States District Judge**


**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.